UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 19-103

**STEVIE PACK,**                                                                **PLAINTIFF,**

v.                              **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY,**                         **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on in August 2017, alleging disability beginning in May 2017, due to diabetes, high blood pressure and back and neck pain. This application was denied initially and on reconsideration.

Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Maria Hodges (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Richard p. Oestreich, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled.   Plaintiff was 51 years old at the time he alleges he became disabled.   He has at least a high school education and his past relevant work experience consists of work as a maintenance repairer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, diabetes mellitus with neuropathy and carpal tunnel syndrome, which he found to be "severe" within the meaning of the Regulation.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to perform a range of lightwork,

2

specifically: lifting and carrying 10 pounds frequently and 20 pounds occasionally with only standing and walking 30 minutes at one time and for four hours total in an eight-hour workday; frequently (as opposed to constantly) reaching, handling, and fingering with both arms and pushing/pulling with his right arm; and avoiding concentrated exposure to vibration, extreme cold, and hazards.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir.

1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ afforded inappropriate weight to the opinion of state agency physician Arvind Chopra, M.D. (2) the ALJ did not account for Plaintiff's carpal tunnel syndrome in the RFC; (3) the ALJ discredited Plaintiff's complaints of disabling limitations; and (4) the ALJ erroneously relied on vocational expert testimony to find that Plaintiff could perform representative jobs existing in the national economy.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ afforded inappropriate weight to the opinion of state agency physician Arvind Chopra, M.D.

Dr. Chopra reviewed Plaintiff's medical records in April 2018 and opined that he could perform the equivalent of a range of light work involving lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing/walking and sitting six hours each in an eight-hour workday; and frequently (as opposed to constantly) reaching, handling, and fingering with both hands and pushing/pulling with his right arm (Tr. 579-86).

4

As Defendant points out, the Commissioner revised the analysis of medical source opinions for claims filed after March 2017, such as Plaintiff's. Under the current regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017).

Rather, the ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship(4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

The ALJ will explain how he or she considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. 20 C.F.R. § 404.1520c(b)(2) (2017).

The ALJ clearly adopted Dr. Chopra's opinion that Plaintiff could perform the equivalent of a range of light work that involved standing and walking six hours per eight-hour workday and frequently reaching, handling, and fingering with both arms and pushing/pulling with his right arm. The ALJ specifically noted that Dr. Chopra's opinion was consistent with the objective medical evidence and MRI findings, as well as evidence showing that Plaintiff's back pain improved with epidural injections.

Yet, the ALJ went further that Dr. Chopra, by limiting Plaintiff to only standing and walking 30 minutes at a time for four hours per workday with limited exposure to environmental conditions to account for the effects of his back pain.

Plaintiff argues that Dr, Chopra's April 2018 opinion should be completely discounted because he did not review later 2018 and 2019 records showing disc bulges and herniation in his lumbar and cervical spine and well as findings of lumbar tenderness on examination. However, nothing in these later records undermines the ALJ's residual functional capacity finding that further limited Plaintiff to standing and walking only 30 minutes at a time and for four hours per eight-hour workday to account for Plaintiff's back-related limitations. The ALJ clearly considered the later 2018 and 2019 records, including the specific MRI and physical examination findings on which Plaintiff relies (Tr. 23). Thus, the Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ did not account for his carpal tunnel syndrome in the RFC.

After finding it to be a "severe" impairment at Step 2, the ALJ noted that the medical records reveal mostly normal findings as to motion, grip strength and arm strength and nerve conduction study testing resulting in a finding of only "mild" carpal tunnel syndrome.

In his brief, Plaintiff does not point to any evidence ignored by the ALJ or additional evidence of limitations resulting from carpal tunnel syndrome. Therefore, the Court finds no error in this regard.

Plaintiff also contends that the ALJ should not have discredited his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should

be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. The ALJ pointed out that although Plaintiff downplayed the effectiveness of epidural steroid injections, the record evidence reveals that such treatment helped him "tremendously." Further, the ALJ noted despite Plaintiff's allegations of disabling pain, the treatment of his impairments has been relatively conservative; no provider has recommended surgery. The ALJ has adequately explained her consideration of Plaintiff's credibility and the Court finds no error in this regard.

As for the VE, Plaintiff argues that there is an unresolved conflict between the vocational expert's testimony that he can do two representative "light" occupations of sorter and inspector and the ALJ's finding in the RFC that he could only stand and walk for 30 minutes at a time and for four hours total per workday.

However, the transcript from the hearing establishes that the VE specifically testified regarding the discrepancy and accounted for it in his testimony. In her decision, the ALJ explicitly acknowledged that the vocational expert's testimony regarding Plaintiff's ability to stand and walk differed from the definitions in the Dictionary of Occupational Titles ("D.O.T."), and noted that "[t]he vocational expert testified that he utilized his education and experience to address this [conflict]" (Tr. 26). A VE is not bound to the D.O.T verbatim and may rely upon his por her expertise in testifying. As Defendant points out, the Regulations allow

7

for this: "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A [vocational expert] may be able to provide more specific information about jobs or occupations than the DOT." SSR 00-4p. The Court finds no error in the ALJ's reliance on the VE's testimony.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of March 2021.

Signed By:
Henry R Wilhoit Jr.
United States District Judge